UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MILLENNIUM PRODUCTS GROUP, LLC,

                      Plaintiff,                      **REPORT AND**
                                                     **RECOMMENDATION**
         -against-                          CV 15-4920 (JS) (ARL)

PLAYTIME SALES AND MARKETING, LLC.,
LEN SOYKA and MURRAY BASS,

                     Defendants.
------------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

On August 21, 2015, the plaintiff, Millennium Products Group, LLC ("MPG"), commenced this action against Playtime Sales and Marketing, LLC ("Playtime"), Len Soyka ("Soyka") and Murray Bass ("Bass") (collectively, the "defendants"), alleging that the defendants infringed MPG's trade dress and engaged in unfair competition pursuant to 15 U.S.C. § 1114. ECF No. 1. Before the Court, on referral from District Judge Seybert, is MPG's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the undersigned respectfully recommends that the motion be denied.

## BACKGROUND

On April 19, 2019, MPG served its Rule 56.1 Statement on the defendants to begin the dispositive motion process. Over a year later, on May 29, 2020, the defendants filed their 56.1 Counterstatement. ECF No. 41. By Order dated June 24, 2020, District Judge Seybert adopted the parties' proposed briefing schedule, requiring that MPG serve and file its motion by July 20, 2020, the defendants serve and file their opposition by August 19, 2020 and MPG serve and file a reply, if any, by September 9, 2020. Despite that order, MPG did not file its moving papers with the Court until August 27, 2020. It appears that counsel for the defendants had sought the

plaintiff's consent for an extension but failed to apply to the Court to alter the briefing schedule. In any case, on September 2, 2020, the defendants responded to the plaintiff's motion by refiling their 56.1 Counterstatement along with a Memorandum and two Declarations – one from counsel and one from Soyka.   One week later, by letter dated September 9, 2020, defense counsel then advised the Court that the Table of Authorities had inadvertently been omitted from the Memorandum of Law filed on September 2, 2020.   By Order dated September 10, 2020, Judge Seybert accepted the revised Memorandum filed on September 9, 2020, and on October 10, 2020, MPG replied.   By Order dated April 7, 2022, District Judge Seybert referred the motion to the undersigned for a Report and Recommendation.

## DISCUSSION

Although this motion has been pending before the Court for close to two years, the undersigned must, nonetheless, recommend that the motion be denied at this time.   To begin with, Local Rule 56.1 requires a party moving for summary judgment to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." *See* Local Rule 56.1(a).   The Local Rule also requires that each numbered paragraph be supported "by citation to evidence" in the record.   *See* Local Rule 56.1(d).   With the exception of a handful of references to exhibits annexed to the Amended Complaint, MPG's 56.1 Statement is missing those citations.   The defendants' Counterstatement is equally defective.   On their end, the defendants have cited to "attached exhibits," which are not, in fact, attached to the Counterstatement.

In considering a motion for summary judgment, a trial court must discern whether there are any genuine issues of material fact to be tried.   *See Gallo v. Prudential Residential Servs.,*

2

*L.P.*, 22 F.3d 1219, 1224 (2d Cir. 1994). Even where the facts are undisputed, which is not the situation here, the Court must still review the record to determine if the movant has met its burden of showing the absence of a genuine issue for trial. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 Statement). As noted above, the parties in this case have failed to provide sufficient citations to the evidence, which makes it impossible for the Court to determine if there are genuine issues of fact to be tried. In fact, neither party has even cited to the 56.1 Statements in their Memoranda.

Moreover, the undersigned believes this motion may be premature. In March 2020, after the parties had been referred to mediation, the Court was advised that the defendants had failed to provide documents critical to the mediation including, among other things, correspondence between the defendants and nonparty Hong Kong Kingmark International Trading Ltd ("Kingmark"), who the defendants claim have legally assigned them all rights to the packaging and trade dress at issue. Indeed, it appears that Mediator Erica B. Garay and the Court's ADR Administrator urged defense counsel to serve the plaintiff with the requested discovery. The defendants failed to do so and, in the end, the plaintiff gave up on the mediation and requested permission to proceed to dispositive motion practice.

Notwithstanding the plaintiff's understandable desire to move forward with summary judgment out of frustration, there are documents clearly missing from the submissions. For example, the crux of MPG's contentions is that it obtained a license from nonparty BigFoot 4X4, Inc. to distribute a series of monster trucks from the Bigfoot product line. Pl.'s 56.1 Stmt. ¶ 8. MPG claims that upon receipt of the license for the Bigfoot trademark it designed packaging and

trade dress for the product line. *Id.* ¶ 9. MPG then filed a United States Trademark Application for the trade dress on August 5, 2015, Serial Number 86/715,610. Am. Compl. Ex. B. MPG now claims that the defendants have used that trade dress in connection with the sale of identical goods. Pl.'s 56.1 Stmt. ¶ 13.

In contrast, the defendants contend that the packaging and trade dress at issue were designed by Kingmark, who was MPG's first supplier of the product. Indeed, the defendants claim that all rights to the packaging and trade dress were legally assigned to them by virtue of an Assignment of Intellectual Property dated November 15, 2015. Defs.' 56.1 Counter-Stmt. ¶ 9.[1] Yet, perhaps due to the breakdown in the discovery process, MPG did not provide the Court with a copy of its license with Bigfoot 4X4.[2] Nor has it offered any evidence to support its contention that the defendants' Assignment from Kingmark was fraudulent. In fact, in its memorandum, MPG admits that because it was "unable to conduct discovery in China (and because MPG's unscrupulous ex-supplier would never cooperate anyway), there is no confirmation that anyone from Kingmark even signed the one-page form" on which the defendants rely. Pls.' Mem. at 12. As such, the Court is left trying to analyze the import of an agreement, which is dated three months after the lawsuit was commenced, and an unsigned questionnaire allegedly completed by a senior executive at Kingmark that suggests the packaging at issue was designed by Kingmark in 2013. *See* Piels Decl. Ex. A.

Simply put, it does not appear to the undersigned that the parties completed the discovery

---

[1] However, it is clear from the record that MPG's first supplier of the Bigfoot toy truck product was Kingmark.
2 MPG has submitted an affidavit from Ken Abrams ('Abrams') in support of its motion. Abrams avers that he was the licensing agent who brokered the license deal between MPG and BigFoot 4X4, Inc. Abrams Aff. ¶ 2. He states that the license covered a variety of products, including monster trucks of various sizes, which featured moveable wheels, sounds, and light, but he did not annex a copy of the agreement to the affidavit. *Id.* ¶ 3.

4

process. *See Bristol v. Schenk, No*. CV 14 6647 JFB AKT, 2017 WL 9485715, at *4 (E.D.N.Y. July 31, 2017), report and recommendation adopted, No. 14 CV 6647 JFB AKT, 2017 WL 4277158 (E.D.N.Y. Sept. 25, 2017) (it is only through the completion of the discovery process that the Court will have the benefit of a complete record). While the undersigned recognizes that defense counsel's conduct had already raised serious cause for concern, *see* Order dated September 4, 2020, the fact remains that it is still MPG's burden to show the absence of a factual issue if it wished to pursue summary judgment. *See SCW W. LLC v. Westport Ins. Corp.,* 856 F. Supp. 2d 514, 523 (E.D.N.Y. 2012). For these reasons, the undersigned respectfully recommends that the motion be denied at this time. The undersigned further recommends that should this report be adopted in its entirety, the parties be given an additional sixty days to complete discovery. The parties should also be permitted to consider returning to mediation.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc*., No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants*

*Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        June 30, 2022

                                                /s/
                                        ARLENE R. LINDSAY
                                        United States Magistrate Judge