```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
MILLENNIUM PRODUCTS GROUP, LLC,

                Plaintiff,              ADOPTION ORDER
                                        15-CV-4920(JS)(ARL)
    -against-

PLAYTIME SALES AND MARKETING,
LLC; LEN SOYKA; and MURRAY BASS,

                Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:      Todd Wengrovsky, Esq.
                    LAW OFFICES OF TODD WENGROVSKY, PLLC
                    285 Southfield Road, Box 585
                    Calverton, New York  11933

For Defendants:     Barry Y. Piels, Esq.
                    44 Whitney Glen
                    Westport, Connecticut  06880
```

SEYBERT, District Judge:

Plaintiff Millennium Products Group, LLC ("Plaintiff" or "MPG") commenced this action on August 21, 2015 against Playtime Sales and Marketing, LLC, Len Soyka, and Murray Bass (collectively, "Defendants"), alleging Defendants infringed MPG's trade dress and engaged in unfair competition pursuant to 15 U.S.G. § 1114. (See Compl., ECF No. 1.)  It has moved for summary judgment in its favor on those claims (the "Summary Judgment Motion") (see Mot. ECF No. 43; see also Support Memo, ECF No. 47; Reply, ECF No. 62), which motion Defendants oppose (see Opp'n, ECF No. 60).

Pending before the Court is the Report and Recommendation ("R&R") by the Honorable Arlene R. Lindsay, which:

(1) summarizes MPG's claims; (2) outlines the procedural history of the case; (3) identifies the relevant applicable law; (4) recommends that the Summary Judgment Motion be denied, having articulated her reasons for doing so; and (5) properly notifies the parties of their right to object to the R&R.  (See R&R, ECF No. 63.)  As to her recommendation that the Summary Judgment Motion be denied, that recommendation is based upon Magistrate Judge Lindsay's finding that genuine disputes of material fact preclude the granting of summary judgment.  (See id. at 1-2; see also id. at 2-3 (noting "the parties . . . have failed to provide sufficient citations to the evidence, which makes it impossible for the Court to determine if there are genuine issues of fact to be tried" and have not "even cited to the [Rule] 56.1 Statements in their Memoranda").)  She also "believes this motion may be premature" (id. at 3) as it appears that the parties have not completed the discovery process.  (See id. at 3-4 (stating further that "due to the breakdown in the discovery process," "there are documents clearly missing from the submissions").  Accordingly, in addition to recommending the denial of the Summary Judgment Motion, Magistrate Judge Lindsay further recommends (1) "the parties be given an additional sixty days to complete discovery," and (2) "[t]he parties should also be permitted to consider returning to mediation."  (Id. at 5.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).  The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3).  Further, by failing to timely object, a party waives any further judicial review of a magistrate judge's findings.  See Mejia v. Roma Cleaning, Inc., 751 F. App'x 134, 136 (2d Cir. Oct. 5, 2018).

The time to object to the R&R has expired and, despite proper service of the R&R upon the parties (see Notice of Elec. Filing associated with R&R), no objections to the R&R have been filed.  (See Case Docket, in toto.)  Therefore, the Court reviews the R&R for clear error only.  Upon careful review and consideration, the Court finds Magistrate Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error.

Accordingly, **IT IS HEREBY ORDERED** that the R&R (ECF No. 63) is ADOPTED in its entirety, and Plaintiff's Summary Judgment Motion (ECF No. 43) is DENIED.

**IT IS FURTHER ORDERED** that by no later than October 7, 2022, the parties are to file a joint Status Report with the Court stating whether they are interested in resolving this case through mediation. If not, the parties are to identify what further discovery needs to be conducted and the amount of time they believe is required to do so. Upon consideration of said joint Status Report, the Court will determine if it is necessary to set a new discovery deadline and what that deadline should be.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 21, 2022
      Central Islip, New York

4